# Exhibit K

**MILITARY COMMISSIONS TRIAL JUDICIARY**
**GUANTANAMO BAY, CUBA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABD AL RAHIM HUSSAYN<br>MUHAMMAD AL NASHIRI | **AE 389B**<br><br>**Government Response**<br>To Defense Motion To Abate Proceedings<br>Pending the Detailing of Learned Counsel<br><br>20 October 2017 |

1. **Timeliness**

The Government timely files this response pursuant to Military Commissions Trial Judiciary Rule of Court 3.7.d.(1).

2. **Relief Sought**

The Government respectfully requests that the Commission deny the Defense motion to abate the proceedings as moot.

3. **Overview**

The Defense seeks to abate the proceedings until learned counsel is detailed and the conditions that caused the Learned Counsel to attempt to withdraw his representation are remedied. The Commission has ruled that the Learned Counsel has not been released. AE 389A. Additionally, the Commission has previously ruled that the conditions upon which the Defense sought relief in the AE 369 series do not exist as a factual predicate. AE 369OO. The Defense continues to have a suitable space to conduct attorney-client meetings with the Accused. AE 369AAA. The Defense motion should therefore be denied as moot because the Accused's Learned Counsel does not require replacement and is not ethically-prohibited from continuing to represent the Accused.

4. **Burden of Proof**

As the moving party, the Defense must demonstrate by a preponderance of the evidence that the requested relief is warranted and supported by the law. Rule for Military Commissions ("R.M.C.") 905(c)(1)–(2).

5. **Facts**

a. Abd Al Rahim Hussayn Muhammad Al Nashiri ("the Accused") is charged with multiple offenses under the Military Commissions Act of 2009 ("M.C.A."), 10 U.S.C. §§ 948a *et seq.*, relating to his alleged involvement in the attempted bombing of USS THE SULLIVANS (DDG 68) on 3 January 2000, the bombing of USS COLE (DDG 67) on 12 October 2000, and the bombing of MV *Limburg* on 6 October 2002. These attacks resulted in the deaths of 18 people, injury to dozens of others, and hundreds of millions of dollars in property damage.

b. The charges against the Accused were referred as capital offenses and carry a possible sentence of death. Because of the capital nature of the proceedings, the Accused was provided learned counsel in accordance with 10 U.S.C. §949a(b)(2)(C)(ii) and R.M.C. 506(b). Richard Kammen, the Accused's Learned Counsel, has been assigned to the Accused's case since 23 December 2008. AE 389, Attach. B.

c. On 23 June 2017, the Defense filed a motion seeking to disclose classified information to the Accused related to the attorney-client relationship of another detainee. AE 369HH. The Commission denied the motion, finding that the Defense analysis was not supported by the necessary factual predicate. AE 369OO.

d. The Defense subsequently filed a motion to allow the Accused to meet with the Defense in the Expeditionary Legal Center rather than the designated meeting location. AE 369AAA. This motion is fully briefed and remains pending resolution by the Commission.

  e.  The Commission issued a docketing order on 4 October 2017, scheduling the Defense cross-examination of Mr. al Darbi for the week of 6 November 2017.  AE 388.

  f.  On 6 October 2017, Learned Counsel and the two detailed civilian counsel in the case submitted requests to the Chief Defense Counsel to withdraw from their representation of the Accused.  AE 339J; AE 339K; AE 339L.

  g.  The Chief Defense Counsel notified the three counsel that he accepted their requests on 11 October 2017.  AE 339J; AE 339K; AE 339L.

  h.  The Defense provided notice of the purported withdrawals to the Commission on 13 October 2017.  AE 339J; AE 339K; AE 339L.  The Defense filed the instant motion to abate the proceedings, premised on the Learned Counsel's withdrawal, on 16 October 2017.  AE 389.

  i.  On 16 October 2017, the Commission ordered the Learned Counsel and two other civilian counsel "to appear at the next scheduled hearing of this Commission, unless otherwise excused by the Commission."  AE 389A.

**6.  Law and Argument[1]**

The Defense motion should be denied as moot.  The Defense seeks to abate the proceedings until replacement learned counsel is assigned to the case and the conditions that caused the Learned Counsel to attempt to resign are remedied.  However, the Commission repudiated the Learned Counsel's attempt to withdraw from representing the Accused:

> "[T]he Commission has not found 'good cause' to authorize the termination of the attorney-client relationship between the Accused and any of his Civilian Defense Counsel who have appeared before this Commission.  Accordingly, Mr. Kammen, Ms. Eliades, and Ms. Spears remain counsel of record in this case, and are ordered to appear at the next scheduled hearing of this Commission, unless otherwise excused by this Commission."

---

[1] The drastic remedy of abatement has previously been briefed by the parties and addressed by the Commission.  The legal argument in AE 348A is hereby adopted by reference.

3

AE 389A.  Because the Learned Counsel remains counsel of record for the case and continues to represent the Accused, there is no basis to grant the Defense the relief it seeks in the instant motion.  Accordingly, the Defense motion should be denied as moot.

Although the Defense claims that a new learned counsel cannot be appointed "until the underlying conditions that led to the withdrawal of the prior learned counsel are resolved," AE 389 at 1–2, the Defense's prior motions requesting relief from these alleged conditions have either been considered and rejected by the Commission (*e.g.*, AE 369OO) or are pending resolution before the Commission (*e.g.*, AE 369AAA).  To the extent the Defense's present request for relief is predicated on relief it requested in another motion that the Commission has denied, the Defense request is moot.  To the extent the Defense request for relief is predicated on relief it requested in another motion that may yet be granted by the Commission, the Defense request is not ripe and premature at this juncture.  In either case, the Defense's instant motion should be denied.

Lastly, by ordering the Learned Counsel and two other civilian counsel "to appear at the next scheduled hearing of this Commission, unless otherwise excused by the Commission," the Commission has, by implication, denied the request for abatement.  AE 389A.

7. **Conclusion**

The Commission rejected the Learned Counsel's attempt to withdraw from his representation of the Accused.  As such, the Defense motion requesting an abatement until a new learned counsel can be secured is moot and should be denied.

8. **Oral Argument**

The Defense has not requested oral argument and the Government agrees that the Commission should rule on the pleadings alone in accordance with R.C. 3.9.a.

4

9. **Witnesses and Evidence**

The Government does not intend to rely on witnesses or evidence in support of this response.

10. **Additional Information**

The Government offers no additional information.

11. **Attachment**

    a.  Certificate of Service, dated 20 October 2017.

Respectfully submitted,

               //s//
Mark A. Miller
Trial Counsel

John B. Wells,
Colonel, JA
Managing Assistant Trial Counsel

Michael A. Pierson
Major, USAF
Assistant Trial Counsel

Mark Martins
Chief Prosecutor
Military Commissions

5

# ATTACHMENT A

## CERTIFICATE OF SERVICE

I certify that on the 20th day of October 2017, I filed **AE 389B**, **Government Response** to Defense Motion to Abate Proceedings Pending the Detailing of Learned Counsel, with the Office of Military Commissions Trial Judiciary and served a copy on counsel of record.

//s//
Mark A. Miller
Trial Counsel
Office of the Chief Prosecutor
Office of Military Commissions